IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MICHELE L. HARRIS                                                                                    PLAINTIFF

vs.                                          Civil No. 4:19-cv-04156

COMMISSIONER, SOCIAL                                                                           DEFENDANT
SECURITY ADMINISTRATION

**MEMORANDUM OPINION**

Michelle Harris ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability and Supplemental Security Income ("SSI") under Title XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 15.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed her disability application on November 14, 2016.  (Tr. 10).  In this application, Plaintiff alleges being disabled due to P.T.S.D, Bi-Polar, COPD, Osteoarthritis,

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___"  The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 6.  These references are to the page number of the transcript itself not the ECF page number.

1

Lupus, knee injury, and tendonitis. (Tr. 207). Plaintiff alleges an onset date of March 10, 2015. (Tr. 10). This application was denied initially and again upon reconsideration. *Id.*

Plaintiff requested an administrative hearing on her denied application, and this hearing request was granted. (Tr. 10). This hearing was held on December 6, 2018. (Tr. 32-68). At this hearing, Plaintiff was present and was presented by counsel, Michael Angel. *Id.* Plaintiff and Vocational Expert ("VE") Wilford Roux testified at this hearing. *Id.*

On February 4, 2019, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 10-21). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since November 14, 2016. (Tr. 13, Finding 1). The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease/degenerative joint disease of the lumbar and cervical spines, mild DJD/internal derangement of the right knee, bilateral hand osteoarthritis, bilateral carpal tunnel syndrome, lupus, COPD, depression, and anxiety. (Tr. 13, Finding 2). Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 13, Finding 3).

In her decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 14-19, Finding 4). Specifically, the ALJ found Plaintiff retained the RFC to perform light work except she can occasionally climb ramps and stairs; can occasionally climb ladders, ropes or scaffolds; can occasionally stoop, kneel, crouch, and crawl; can occasionally finger with the bilateral upper extremities; must avoid concentrated

exposure to pulmonary irritants such as fumes, odors, dust, gases, poor ventilation; can understand, remember, and carry out 2-3 step tasks with short, simple instructions; can make routine work-related decisions or judgments; can tolerate routine workplace changes; can sustain attention for two-hour blocks of time; and will be off task up to 10% of the workday, which can accommodated by normal breaks.  *Id.*

The ALJ found Plaintiff was fifty (50) years old, which is defined as a "individual closely approaching advanced age" under 20 C.F.R. § 416.963.  (Tr. 19).  The ALJ also determined Plaintiff had at least a high school education and was able to communicate in English.  *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was not capable of performing her PRW.  (Tr. 19, Finding 5).  However, the ALJ found there were jobs in the significant numbers in the national economy that Plaintiff could perform.  (Tr. 19, Finding 9). With the help of the VE, the ALJ found Plaintiff could perform the representative occupations of (1) furniture rental clerk with approximately 437,610 jobs in the nation and (2) school bus monitor with approximately 113,020 jobs in the nation.  *Id*.  Based upon this finding, the ALJ determined Plaintiff had not been disabled since November 14, 2016.  (Tr. 20, Finding 10).

Plaintiff requested the Appeals Council's review of the ALJ unfavorable disability determination.  On October 11, 2019, the Appeals Council declined to review the ALJ's disability determination.  (Tr. 1-6).  On December 13, 2019, Plaintiff filed the present appeal.  ECF No. 1. The Parties consented to the jurisdiction of this Court of February 5, 2021.  ECF No. 15.  This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff

must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In her appeal brief, Plaintiff raises the following one argument for reversal: the ALJ erred in assessing her subjective complaints.  ECF No. 16.  Because the Court finds the ALJ erred in assessing her subjective complaints, the Court will only address this argument for reversal.

The Court notes that in assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or

from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the Court finds the ALJ did not provide sufficient reasons for discounting Plaintiff's subject complaints. In her opinion, the ALJ merely summarized Plaintiff's medical records and provided the following routine statement regarding those allegations: "After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (Tr. 15). Indeed, even though the ALJ referenced "other evidence" in the record, the ALJ did not provide specifics as to what "other evidence" (apart from the objective medical evidence) detracted from her subjective complaints.

Based upon this review, the Court finds the ALJ improperly discounted Plaintiff's subjective complaints based upon her medical records alone. *See Polaski,* 739 F.2d at 1322 (holding a claimant's subjective complaints cannot be discounted "solely because the objective medical evidence does not fully support them [the subjective complaints]"). Accordingly, because the ALJ provided an insufficient basis for discounting Plaintiff's subjective complaints, this case must be reversed and remanded.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 18th day of March 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE